

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 20 2007

By JAMES N. HATTEN, Clerk
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| PEDRO H. WEBSTER,<br>Plaintiff, | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:07-CV-0501-JEC |
| v. | :: <br> :: | |
| DEKALB COUNTY JAIL, et al.,<br>Defendants. | :: <br> :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, currently confined at the DeKalb County Jail[1] in Decatur, Georgia, has submitted the instant pro se civil rights action. [Doc. 1.] For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. [See Doc. 2.] The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is

---

[1] Although Plaintiff's civil cover sheet shows a private address, personnel at the DeKalb County Jail have informed the Court that Plaintiff remains incarcerated there.

frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983

2

complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. **Plaintiff's allegations**

In the instant complaint, which Plaintiff signed and submitted on February 22, 2007, he claims that, on or about January 20, 2007, Officer Murry assaulted him during inmate clothing exchange, in preparation for his bond hearing before the magistrate judge; kicked him; and handcuffed him in a bent over position for several hours, leaving Plaintiff no choice but to urinate on himself. [Doc. 1 ¶ IV.] Plaintiff also alleges that he was assaulted by a fellow inmate on February 1, 2007. [Id.] According to Plaintiff, he has grievances pending on these matters at the Administrative Remedy Office of the DeKalb County Jail. [Id. ¶¶ II, IV.]

## III. **Discussion**

"[N]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This "exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.' This provision entirely

3

eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citation omitted) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002), and Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)).  Furthermore, there is no futility exception to this exhaustion requirement. See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (stating that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement" of the Prison Litigation Reform Act of 1995 (PLRA), and "there is no longer discretion to waive the exhaustion requirement").

The Supreme Court recently ruled "that failure to exhaust [administrative remedies] is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, _ U.S. _, _, 127 S. Ct. 910, 914, 921 (2007) (invalidating a rule "requir[ing] a prisoner to allege and demonstrate exhaustion in his complaint," one of "several procedural rules" that the Sixth Circuit and other courts had superimposed upon the general pleading requirements set forth in the Federal Rules of Civil Procedure). Nevertheless, in so ruling, the Supreme Court approved the practice of dismissing a prisoner complaint pursuant to 28 U.S.C. § 1915A "for failure to state a claim if the

4

allegations, taken as true, show the plaintiff is not entitled to relief" on the basis of an affirmative defense, such as the statute of limitations. Id., _ U.S. at _, 127 S. Ct. at 920-21. It is apparent from Plaintiff's complaint that he has not exhausted his administrative remedies with respect to the allegations set forth herein. Accordingly, his complaint is due to be dismissed for failure to exhaust his administrative remedies, as the PLRA requires, without exception, in prisoner suits concerning the conditions of confinement, including claims alleging the use of excessive force.

## IV. **Conclusion**

For the foregoing reasons, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust his administrative remedies.

**IT IS SO ORDERED** this _21_ day of _March_, 2007.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)